IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONNIE G.,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

Case No. 3:17-cv-03342-M (BT)

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed a civil action seeking judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order.

### **Background**

Plaintiff alleges she is disabled due to a variety of ailments, including hypertension, hepatitis C, swelling of the hands and feet, possible fibromyalgia, and depression. Administrative Record ("A.R.") 329 (ECF No. 16-1). After her applications for disability insurance and supplemental security income benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id*. 200-02. That hearing occurred on August

1

22, 2016, and resulted in a decision denying disability benefits. *Id*. 48-102. At the time of the hearing, Plaintiff was 48 years old. *See id*. 57. She has an eleventh-grade education and past work experience as a retail cashier, home health aide, hand packer, hotel front-desk clerk, and electronic assembler. *Id*. 58, 92.

At step one of the five-step sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2016, the amended alleged onset date. *Id*. 23; *see also id*. 82 (reflecting that the ALJ granted Plaintiff's oral motion to amend the alleged onset date to February 1, 2016). At step two, the ALJ determined that although Plaintiff had medically determinable impairments of fibromyalgia, lumbar spine degenerative disc disease, multi-joint pain, hepatitis C, headaches, and obesity, she did not have a severe impairment or severe combination of impairments. *Id*. 23. Therefore, the ALJ concluded that Plaintiff had not been under a disability from February 1, 2016, to October 21, 2016. *Id*. 30.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council affirmed. *Id*. 1-3. Plaintiff then filed this action in federal district court in which she argues the ALJ's decision results from an error of law and is not supported by substantial evidence. Specifically, Plaintiff argues (1) the ALJ's determination that she did not have any severe impairments is contrary to all the medical opinions of record; (2) the ALJ failed to apply the appropriate legal standard to determine whether any of her alleged impairments were severe; and (3) the ALJ's finding of

no medically determinable mental impairment is contrary to the medical opinions of record. Pl.'s Br. 2, ¶ III (ECF No. 21).

**Legal Standard**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) (citing *Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir. 1987)). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*,

771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step

review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923 (citing *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* (citing *Kane*, 731 F.2d at 1219). However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448 (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)).

"Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22 (citing *Kane*, 731 F.2d at 1220). Put another way, Plaintiff "must show that [she] could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996) (per curiam) (citing *Kane*, 731 F.2d at 1220).

**Analysis**

Among the arguments that Plaintiff makes is a single ground that compels remand—the ALJ erred in failing to apply the appropriate legal standard to determine whether Plaintiff's alleged impairments were "severe" at step two of the analysis. Specifically, Plaintiff contends that the ALJ did not cite to or otherwise set forth the *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), definition of "severe." The Court agrees. The ALJ failed to cite or apply *Stone* and therefore committed legal error.

At step two of the sequential evaluation process, the ALJ "must consider the medical severity of [the claimant's] impairments." 20 C.F.R. § 404.1520(a)(4)(ii), (c). To comply with this regulation, the ALJ "must determine whether any identified impairments are 'severe' or 'not severe.'" *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)(ii), (c)). Under the Commissioner's regulations, a severe impairment is "any impairment or combination of impairments which significantly

6

limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Finding that a literal application of this regulation would be inconsistent with the Social Security Act, the Fifth Circuit has held that an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone*, 752 F.2d at 1101, 1104-05. Additionally, the determination of severity may not be "made without regard to the individual's ability to perform substantial gainful activity." *Id.* at 1104.

To ensure that the regulatory standard for severity does not limit a claimant's rights, the Fifth Circuit held in *Stone* that it would assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) is used." *Id.* at 1106; *accord Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Notwithstanding this presumption, courts must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

In this case, the ALJ did not cite to *Stone* or apply the *Stone* standard in the step-two analysis. In the applicable law section, the ALJ states:

> At step two, I must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c) and 416.920(c)) [sic]. An impairment or combination of impairments is "severe" within the

7

> meaning of the regulations if it has more than a minimal effect on an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (20 CFR 404.1521 and 416.921 [sic]; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p [sic]). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

A.R. 22. Later in his written decision, the ALJ begins the step two analysis by stating: "[i]n reaching the conclusion that the claimant does not have an impairment or combination of impairments that has more than a minimal effect on her ability to perform basic work activities . . . ." A.R. 23. He then proceeds to recount the evidence relating to her medically-determinable impairments and other alleged impairments which he did not find to be medically-determinable, including her alleged mental impairments. *Id.* 23-30. The ALJ ultimately refuses to find any of her impairments or alleged impairments to be severe because he determines that her alleged symptoms were not "disabling" and she was able to work despite her claimed impairments. *Id.* 28 According to the ALJ, "[t]he most significant fact in establishing the claimant's conditions are not severe is that the claimant was able to work above SGA levels with these conditions." *Id.* This analysis is legally flawed.

The severity standard the ALJ recites is from 20 C.F.R. §§ 404.1520(c) and 416.920(c),[1] which the *Stone* court rejected as inconsistent with the Social Security Act. *Stone*, 752 F.2d at 1104-05; *accord Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) ("[T]his Court evaluated the Secretary's severity regulation, and determined that it was inconsistent with the statutory language and the legislative history of the Act."). Indeed, "[a]n ALJ's referral to the applicable social security regulations and rulings, including 20 C.F.R. §§ 416.920(c) and 416.921, as well as SSR 85-28, SSR 96-3p, and SSR 96-4p, does not substitute as a proper construction of the *Stone* standard." *Scott v. Comm'r of Soc. Sec. Admin.*, 2012 WL 1058120, at *7 (N.D. Tex. Mar. 29, 2012) (citing *Brown v. Astrue*, 2012 WL 652034, at *3 (N.D. Tex. Feb. 29, 2012); *Lederman v. Astrue*, 2011 WL 5346268, at *7 (N.D. Tex. Nov. 3, 2011); *Jones v. Astrue*, 2011 WL 4498872, at *7 (N.D. Tex. Sept. 28, 2011); *Garcia v. Astrue*, 2010 WL 304241, at *3 (N.D. Tex. Jan. 26, 2010)). The *Stone* standard for determining severity provides no allowance for even a minimal interference with a claimant's ability to work. *Murphy v. Berryhill*, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018) (Lynn, C.J.); *see also Craaybeek v. Astrue*, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (determining the "minimal effect" standard is "wholly inconsistent with *Stone*"); *Bounds v. Astrue*, 2011 WL 4091507, at *4 (N.D. Tex. July 19, 2011) (holding that an ALJ fails

---

[1] 20 C.F.R. § 404.1520(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."); 20 C.F.R. § 416.920(c) (same).

to apply the *Stone* standard by requiring "more than a minimal" effect on an individual's ability to work.). Rather, the *Stone* standard requires a finding of "severe" if the impairment interferes with an individual's ability to work *at all*. *Stephanie Z. v. Berryhill*, 2018 WL 4467470, at *3 (N.D. Tex. Sept. 18, 2018) (citing *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. Jan. 27, 2009); *Morris v. Astrue*, 2012 WL 4468185, at *5 (N.D. Tex. Sept. 4, 2012)). The ALJ's determination that Plaintiff did not have a severe impairment because none of her impairments prevented her from working improperly conflates the *de minimis* severity standard with the ultimate disability determination. This error requires remand.

The Commissioner contends remand is not required because any *Stone* error was harmless under the analysis set forth in *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Def.'s Br. 10 (ECF No. 22). However, harmless error analysis is not appropriate where the ALJ ends the sequential analysis at step two. The presumption that legal error occurred based on the incorrect wording of the *Stone* standard may be rebutted by showing that the correct legal standard was actually applied by the ALJ or that the error was harmless. *Stephanie Z.*, 2018 WL 4467470, at *4 (citing *Morris*, 2012 WL 4468185, at *9; *Taylor*, 706 F.3d at 603). As determined above, the ALJ did not apply the correct legal standard; therefore, the Commissioner's only remaining argument to overcome any *Stone* error is that it was harmless. In the Fifth Circuit, "[h]armless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the

error." *Mathews v. Colvin*, 2016 WL 7616706, at *5 (W.D. Tex. Apr. 20, 2016), *adopted by* 2016 WL 7626264 (W.D. Tex. May 18, 2016). But, harmless error analysis is appropriate in deciding whether the ALJ's *Stone* error requires remand only in cases where the ALJ proceeds past step two in the sequential evaluation. *Caperton v. Berryhill*, 2018 WL 1899306, at *3 (N.D. Tex. Apr. 19, 2018) (citing *Holmes v. Astrue*, 2013 WL 638830, at *10 (N.D. Tex. Jan. 25, 2013)); *Murphy*, 2018 WL 4568808, at *14; *Horne v. Colvin*, 2013 WL 4787352, at *8 (N.D. Tex. Sept. 9, 2013). And, "[a]utomatic remand is only required in cases where the ALJ used the incorrect [*Stone*] standard and did not proceed past step two." *Rollins v. Berryhill*, 2018 WL 2064781, at *5 (N.D. Tex. May 2, 2018); *Hall v. Astrue*, 2012 WL 4167637, at *11 (N.D. Tex. Sept. 20, 2012) (citing *Goodman v. Comm'r of Soc. Sec. Admin.*, 2012 WL 4473136, at *9 (N.D. Tex. Sept. 10, 2012)) ("*Stone* error is not grounds for automatic reversal and remand if the ALJ continues beyond step two of the disability analysis, and application of the harmless error analysis to those cases is appropriate), *adopted by* 2012 WL 4479253 (N.D. Tex. Sept. 28, 2012); *see also Mathews*, 2016 WL 7616706, at *7 ("The error, if committed, was harmless because the ALJ did not stop at step two, but rather proceeded on to later steps of the analysis."), *adopted by* 2016 WL 7626264 (W.D. Tex. May 18, 2016).

Here, the ALJ stopped the sequential analysis at step two. A.R. 22; 30. As such, harmless error analysis is not appropriate. *Hitchcock v. Berryhill*, 2019 WL 1128866, at *8 (N.D. Tex. Mar. 12, 2019) ("Because the ALJ made his disability determination and denied benefits at step two based on an incorrect severity

standard, and he did not proceed to the remaining steps of the disability evaluation process, harmless error analysis is unnecessary, and his *Stone* error requires remand.").

## Conclusion

The Commissioner's decision is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED**.

March 21, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE